UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 8:18-cr-205-T-02TGW

ALFONZO CHURCHWELL

_____/

## ORDER

This matter comes to the Court on Defendant Alfonzo Churchwell's Motion to Dismiss Count Two of the Indictment Based on Double Jeopardy. Dkt. 180. The United States of America responded in opposition. Dkt. 183. The Court heard oral argument on June 19, 2019. Dkt. 222. The Court DENIES the Defendant's motion. Dkt. 180.

## BACKGROUND

On April 13, 2016, the Defendant was released from prison following a nine-year sentence for attempted murder. Dkt. 183 at 1. Then, on September 15, 2016, the Defendant was arrested again for a separate murder. *Id.* at 2. The Defendant was later found guilty for possession with intent to distribute heroin and fentanyl during the time he was out of prison, April 13, 2016 through September 15, 2016. *See* Indictment, *United States v. Churchwell*, 8:17-cr-482-T-30TBM (the "Drug Case"), ECF No. 1 at 1. The jury acquitted the Defendant of possession with

intent to distribute cocaine, cocaine base, and hydromorphone. *Id.*, ECF No. 57 at 1.

In the instant case, Count Two of the Indictment charges the Defendant with conspiracy to possess with intent to distribute heroin, marijuana, MDMA, cocaine, cocaine base, hydromorphone, and fentanyl for the same time period as the Drug Case. Dkt. 1 at 25. Defendant argues this charge allegedly violates Fifth Amendment protections against double jeopardy because it stems from the same conduct and time frame as the Drug Case. Dkt. 180.

## **DISCUSSION**

"A substantive crime and a conspiracy to commit that crime are not the 'same offense' for double jeopardy purposes . . . ." *United States v. Felix*, 503 U.S. 378, 389 (1992) (citations omitted). In *Blockburger v. United States*, the Supreme Court allowed prosecution of multiple offenses related to the same conduct so long as the offenses required the proof of different elements. 284 U.S. 299, 304 (1932). The relevant test is whether "each offense contains an element not contained in the other; if not, they are the 'same offense' and double jeopardy bars additional punishment and successive prosecution." *United States v. Dixon*, 509 U.S. 688, 696 (1993); *see also United States v. Sanchez*, 3 F.3d 366, 367 (11th Cir. 1993). Furthermore, the government may rely on the same evidence that supported

prosecution of a substantive offense when trying the defendant for a conspiracy. *United States v. Shenberg*, 89 F.3d 1461, 1480–81 (11th Cir. 1996).

Here, the prosecution for conspiracy satisfies the *Blockburger* test because the charge in the Drug Case contained different elements than the charge the Defendant now faces. Unlike conspiracy, possession with intent does not require agreement. *See* Ct's Instr. to the Jury, *United States v. Churchwell,* 8:17-cr-482-T-30TBM (M.D. Fla. 2017), ECF No. 58 at 14 (possession with intent to distribute); *see also 11th Cir. Pattern Crim. Jury Instr.* O100 (2016) (conspiracy).

By contrast, the elements for possession with intent to distribute are: "(1) the Defendant knowingly possessed a charged controlled substance; and (2) the Defendant intended to distribute the charged controlled substance." *Churchwell*, 8:17-cr-482-T-30TBM, ECF No. 58 at 14. The elements for conspiracy are: (1) two or more people in some way agreed to try to accomplish a shared and unlawful plan to distribute or possess with intent to distribute a charged controlled substance; (2) Defendant knew the unlawful purpose of the plan and willfully joined in it; and (3) the object of the unlawful plan was to distribute or possess with the intent to distribute a charged controlled substance. *See 11th Cir. Pattern Crim. Jury Instr.* O100. Additionally, as the Eleventh Circuit noted in *Shenberg*, the fact that separate charges stem from the same evidence, including the same time frame, does not implicate double jeopardy. 89 F.3d at 1480–81.

## CONCLUSION

The Court DENIES Defendant's Motion to Dismiss. Dkt. 180.

**DONE AND ORDERED** at Tampa, Florida, on June 25, 2019.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record